UN1TED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **DONALD WHITSON,** | ) | |
| | ) | **JURY DEMANDED** |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | RECEIVED: MAY 15, 2008 |
| **TIGER AUTO PARTS, INC.,** | ) | 08CV2810　　　　AEE |
| **HECTOR HERNANDEZ, AND** | ) | JUDGE GETTLEMAN |
| **JEAN HERNANDEZ, individually,** | ) | MAGISTRATE JUDGE MASON |
| | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR BACK OVERTIME WAGES
UNDER FEDERAL AND STATE LAW**

NOW COMES the Plaintiff, **DONALD WHITSON,** by and through his attorney, DAVID PORTER, ESQ., and as and for his Complaint against Defendants, **TIGER AUTO PARTS, INC.,** and **HECTOR HERNANDEZ**, individually, and **JEAN HERNANDEZ** individually, sometimes hereinafter collectively referred to as the "Defendants", states as follows:

**I.　　NATURE OF ACTION**

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, et seq., the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq., and the Illinois Wage Payment and Collection Act, 820 ILCS Section 115/1, et seq.

1

## II. JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, the Portal-to-Portal Act, 29 U.S.C. §251 et seq., and for the supplemental Illinois statutory claims, pursuant to 28 U S.C. §1367.  Venue lies in the Northern District of Illinois in that the Plaintiff is a resident of this district and the Defendants are engaged in business in this district.

## III. PARTIES

3. Plaintiff Donald Whitson (hereinafter the "Plaintiff"), at all times hereinafter mentioned, was and still is a resident and domiciliary of the County of Cook, State of Illinois, specifically residing at 1725 N. Monticello, Chicago, Illinois 60647.

4. Plaintiff is a past hourly employee of Tiger Auto Parts, Inc. ("Tiger Auto"). Plaintiff is due, and has not been paid, overtime wages under the maximum hours provision of the Fair Labor Standards Act, 29 U.S.C. 201 et seq., for the period May, 2007 to April, 2008.

5. Defendant Tiger Auto Parts, Inc. is a corporation duly organized and existing under the laws of the State of Illinois, although not in good standing with the Illinois Secretary of State.

6. Defendant Hector Hernandez is the President of Tiger Auto.

7. Defendant Jean Hernandez is the Registered Agent and Secretary of Tiger Auto.

8. To the best of Plaintiff's knowledge and belief, Defendants Hector Hernandez and Jean Hernandez at all times relevant hereto were and are the owners of Tiger Auto.

9. The Defendants are engaged in the business of auto repair and selling auto parts. As such, Defendants' services qualify as an enterprise engaged in commerce as defined by the FLSA.

10. Hector Hernandez and Jean Hernandez determined the rate of pay of each employee (including also Plaintiff), how the employee will be paid, whether the employee will receive pay for all hours worked, and whether the employee will receive straight time or time and one-half their regular rate of pay for work hours over 40 in a week.

11. During all relevant times, Defendants were acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and, therefore, were and are "employers" as defined under both the federal, and state statutes relied upon herein. The Defendants' principle place of business is located in the County of Cook at 707 N. Ashland Avenue, Chicago, Illinois 60622.

12. As an employee performing duties for an enterprise engaged in commerce, Plaintiff was engaged in commerce as defined by the FLSA.

## V.  BACKGROUND FACTS

13. Plaintiff was employed by the Defendants as an Auto Mechanic commencing in or about May, 2007 and continuing until April, 2008.

14. Plaintiff was compensated by the Defendants as an hourly employee for purposes of payroll compensation but was paid at a straight time rate for all hours over 40 per work week.

15. On a weekly basis Plaintiff worked in excess of 40 hours. Within the pay stubs (that were prepared by the Defendants) the Defendants reflected the numbers of hours that Plaintiff worked (which is derived by a computation of dividing the handwritten gross pay amount by Plaintiff's hourly pay rate, $15.20 per hour), but only paid all hours over 40 at Plaintiff's regular rate of pay, thereby denying Plaintiff his additional half-time rate of pay for all hours worked over 40 per work week. *See* Group Exhibit "A".

16. At all times relevant hereto Defendants Hector Hernandez and Jean Hernandez could have told the bookkeeper to pay Plaintiff at time and one-half his regular rate of pay for all hours over 40 in a week.

17. The Defendants knew that Plaintiff and other hourly employees of the Defendants were being paid at their regular straight time pay rate for all hours worked including those hours worked in excess of 40 in a week.

**COUNT I**

**FEDERAL LAW - VIOLATION OF FAIR LABOR STANDARDS ACT**

18. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth hereat.

19. At any and all times relevant hereto, Defendant Tiger Auto was, and still is, an "enterprise engaged in commerce" within the meaning of Sec. 3(s) of the FLSA, 29 U.S.C. 203(s).

20. At any and all times relevant hereto, the Defendants were each an "employer" within the meaning of Sec. 3(d) of the FLSA, 29 U.S.C. 203(d).

21. At any and all times relevant hereto, Plaintiff was an "employee" as defined by Sec. 3(e) of the FLSA, 29 U.S.C. 203(e).

22. For the period May, 2007 to April, 2008 Plaintiff was not paid time and one-half his regular rate of pay for hours he worked in excess of 40 in a week, in violation of the maximum hours provisions of the FLSA, to wit, 29U.S.C. 207(a). *See*, inter alia, Group Exhibit "A".

23. Plaintiff has demanded payment of the overtime pay due him, but the Defendants have failed and refused to pay same. *See*, inter alia, the letter dated April 29, 2008 and attachments from Plaintiff's counsel to defendants annexed hereto at Group Exhibit "B".

24. At all times relevant hereto the action of the Defendants to not pay for all hours worked and time and one-half for all hours worked over 40 in a week was willful in that among other things:

      a.      The Defendants knew that the FLSA required every employer to pay time and one-half for all hours worked over 40 in a week.

      b.      The Defendants maintained theirs books and records so that the employees could not see how many hours they worked, and the Defendants maintained their books and records so that the employees would have difficulty determining how many hours they worked each week.

25. As a direct and proximate result thereof, there is due to Plaintiff back wages and liquidated damages, pursuant to 29 U.S.C. 216.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Donald Whitson asks this Court to enter judgment in his favor, and against the Defendants, both jointly and severally, for the following relief:

    A.      For a judgment for all back wages due and prejudgment interest in accordance with established federal case law and 815 ILCS 205/2;

    B       For liquidated damages, as provided by 29 U.S.C. 216;

    C.      For reasonable attorney's fees and costs of this action as provided by 29 U.S.C. 216; and

    D.      For such other and further relief as the Court may deem just and equitable.

## COUNT II

## ILLINOIS MINIMUM WAGE AND OVERTIME VIOLATIONS

26. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth hereat.

27. The Illinois Wage Payment and Collection Act, Section 2, defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the 2 parties, . . . .". Payment to separated employees is termed "final compensation" and defined as "wages, salaries, earned commissions, earned bonuses. . . and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties". The employment agreement between the parties herein was that Defendants would pay compensation in compliance with state and federal regulations and law.

28. The Illinois Wage Payment and Collection Act, Section 4 provides that "[A]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned". Plaintiffs herein, and other absent Plaintiffs, have been denied payment of rightful overtime wages for varying amounts of time in excess of 13 days from the time the overtime pay was earned.

29. The Illinois Wage Payment and Collection Act, Section 5, provides that "[E]very employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee. Plaintiff has been denied payment of his rightful overtime wages in excess of the next scheduled pay day after his separation.

30. Plaintiff was not paid at time and one half his regular rate of pay for hours worked in excess of 40 in a week in violation of the maximum hours provision of the Illinois Minimum Wage Law, 820 ILCS 105/4a. *See* Group Exhibit "A".

31. That at least one method the Defendants utilized to avoid paying time and one-half for hours worked in excess of 40 in a week was to not separately list on the paystub the number of hours worked per week. *See* Group Exhibit "A".

32. It is, and has been, the practice and policy of the Defendants to fail to pay at least one and one-half the regular rate of their hourly employees in violation of 820 ILCS 105/4a to their hourly employees, including also Plaintiff. *See* Group Exhibit "A" as well as Exhibit "B.

33. That the books and record of Defendant Tiger Auto are material to Plaintiff's case, as they disclose the hours worked by Plaintiff and other hourly employees and what Plaintiff and other employees were paid, and the scheduling documents will show hours worked and to the extent applicable, not recorded.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Donald Whitson asks this Court to enter judgment in his favor, and against the Defendants, both jointly and severally, for the following relief:

A.  For a judgment for all back wages due, as provided by the Illinois Minimum Wage law, 820 ILCS 105/1 et seq.;

B  For prejudgment interest on the backwages in accordance with 815 ILCS 205/2 and 2% per month interest under the Illinois Minimum Wage law, 820 ILCS 105/12a;

C.  For reasonable attorney's fees and costs of this action as provided by the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq.;  and

D.      For such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

By: /s/ David Porter
David Porter

DAVID PORTER, ESQ.
Attorney for Plaintiff
11 S. LaSalle Street  -  Suite 1000
Chicago, Illinois 60603
(312) 236-1207

**TIGER AUTO PARTS**
707 N. ASHLAND AVE.
CHICAGO, IL 60622

PERIOD FROM 10-8 TO 10-15
NAME:

| | REG. HR. @ | | |
|---|---|---|---|
| | OT. HR. @ | | |
| TOTAL EARNINGS | | 825 06 | |
| WITHHOLDING U.S. INCOME TAX | | 63 12 | |
| SOCIAL SECURITY | | 68 00 | |
| MEDICARE TAX | | 22 45 | |
| STATE INCOME TAX | | | |
| TOTAL DEDUCTIONS | | 153 57 | |
| NET PAY | | 671 49 | |

EMPLOYEE'S STATEMENT OF EARNINGS
AND DEDUCTIONS - DETACH AND RETAIN

---

**TIGER AUTO PARTS**
707 N. ASHLAND AVE.
CHICAGO, IL 60622

PERIOD FROM 10-1 TO 10-8
NAME:

| | REG. HR. @ | | |
|---|---|---|---|
| | OT. HR. @ | | |
| TOTAL EARNINGS | | 643 13 | |
| WITHHOLDING U.S. INCOME TAX | | 49 20 | |
| SOCIAL SECURITY | | 41 00 | |
| MEDICARE TAX | | 16 99 | |
| STATE INCOME TAX | | | |
| TOTAL DEDUCTIONS | | 107 19 | |
| NET PAY | | 535 94 | |

EMPLOYEE'S STATEMENT OF EARNINGS
AND DEDUCTIONS - DETACH AND RETAIN

---

**TIGER AUTO PARTS**
707 N. ASHLAND AVE.
CHICAGO, IL 60622

PERIOD FROM 10-23 TO 10-29
NAME:

| | REG. HR. @ | | |
|---|---|---|---|
| | OT. HR. @ | | |
| TOTAL EARNINGS | | 825 06 | |
| WITHHOLDING U.S. INCOME TAX | | 63 12 | |
| SOCIAL SECURITY | | 68 00 | |
| MEDICARE TAX | | 22 45 | |
| STATE INCOME TAX | | | |
| TOTAL DEDUCTIONS | | 153 57 | |
| NET PAY | | 671 49 | |

EMPLOYEE'S STATEMENT OF EARNINGS
AND DEDUCTIONS - DETACH AND RETAIN

---

**TIGER AUTO PARTS**
707 N. ASHLAND AVE.
CHICAGO, IL 60622

PERIOD FROM 10-15 TO 10-22
NAME:

| | REG. HR. @ | | |
|---|---|---|---|
| | OT. HR. @ | | |
| TOTAL EARNINGS | | 825 06 | |
| WITHHOLDING U.S. INCOME TAX | | 63 12 | |
| SOCIAL SECURITY | | 68 00 | |
| MEDICARE TAX | | 22 45 | |
| STATE INCOME TAX | | | |
| TOTAL DEDUCTIONS | | 153 57 | |
| NET PAY | | 671 49 | |

EMPLOYEE'S STATEMENT OF EARNINGS
AND DEDUCTIONS - DETACH AND RETAIN

**TIGER AUTO PARTS**
707 N. ASHLAND AVE.
CHICAGO, IL 60622

PERIOD FROM 12-10 TO 12-17

NAME

| | REG. HR.@ | |
| --- | --- | --- |
| | OT. HR.@ | |

TOTAL EARNINGS — 781.04
WITHHOLDING U.S. INCOME TAX — 59.75
SOCIAL SECURITY — 62.00
MEDICARE TAX — 21.13
STATE INCOME TAX —

TOTAL DEDUCTIONS — 142.88
NET PAY — 638.16

EMPLOYEE'S STATEMENT OF EARNINGS AND DEDUCTIONS - DETACH AND RETAIN

---

**TIGER AUTO PARTS**
707 N. ASHLAND AVE.
CHICAGO, IL 60622

PERIOD FROM 12-3 TO 12-10

NAME

| | REG. HR.@ | |
| --- | --- | --- |
| | OT. HR.@ | |

TOTAL EARNINGS — 624.51
WITHHOLDING U.S. INCOME TAX — 47.77
SOCIAL SECURITY — 38.00
MEDICARE TAX — 16.42
STATE INCOME TAX —

TOTAL DEDUCTIONS — 102.19
NET PAY — 522.32

EMPLOYEE'S STATEMENT OF EARNINGS AND DEDUCTIONS - DETACH AND RETAIN

---

**TIGER AUTO PARTS**
707 N. ASHLAND AVE.
CHICAGO, IL 60622

PERIOD FROM 12-24 TO 12-31

NAME

| | REG. HR.@ | |
| --- | --- | --- |
| | OT. HR.@ | |

TOTAL EARNINGS — 810.38
WITHHOLDING U.S. INCOME TAX — 61.99
SOCIAL SECURITY — 67.00
MEDICARE TAX — 22.00
STATE INCOME TAX —

TOTAL DEDUCTIONS — 150.99
NET PAY — 659.39

EMPLOYEE'S STATEMENT OF EARNINGS AND DEDUCTIONS - DETACH AND RETAIN

---

**TIGER AUTO PARTS**
707 N. ASHLAND AVE.
CHICAGO, IL 60622

PERIOD FROM 12-17 TO 12-24

NAME

| | REG. HR.@ | |
| --- | --- | --- |
| | OT. HR.@ | |

TOTAL EARNINGS — 805.50
WITHHOLDING U.S. INCOME TAX — 41.63
SOCIAL SECURITY — 65.00
MEDICARE TAX — 21.86
STATE INCOME TAX —

TOTAL DEDUCTIONS — 148.49
NET PAY — 657.01

EMPLOYEE'S STATEMENT OF EARNINGS AND DEDUCTIONS - DETACH AND RETAIN

# DAVID PORTER
Attorney at Law

11 S. LaSalle Street
Suite 1000
Chicago, Illinois 60603
(312) 236-1207

April 29, 2008

<u>Via Fax and Regular Mail</u>

Tiger Auto Parts, Inc.
709 N. Ashland Avenue
Chicago, Illinois 60622

Attn:   Hector Hernandez
        President

Re:   Donald Whitson and Tiger Auto Parts, Inc.
      <u>Overtime Wages Due Donald Whitson</u>

Dear Mr. Hernandez:

I am the attorney for Mr. Donald Whitson, who was employed by Tiger Auto Parts, Inc. for approximately 11 months, from May, 2007 to April, 2008 as a Mechanic.

Mr. Whitson was an hourly employee earning $15.20/hr. Mr. Whitson generally worked six days per week, and worked extensive overtime but, in violation of both federal and state law, Tiger Auto Parts, Inc. only paid him straight time rather than the time and a half that he was due for hours worked over 40 per week.

I have worked with Mr. Whitson to calculate the hours worked and the money due him for that time. In addition to the payment of the half time, Mr. Whitson is entitled to liquidated damages under the FLSA, 29 U.S.C. §216, and 2% per month on the unpaid work time until paid under the Illinois Minimum Wage Act, 820 ILCS 105/12. Enclosed at Attachment "A" is a copy of the analysis of Mr. Whitson's damages.

Mr. Whitson is owed the sum of at least $4,534.30 in past due overtime wages and liquidated damages in connection with his employment with Tiger Auto parts, Inc. Mr. Whitson advises that he made repeated requests to you to be paid his time and a half overtime by your company. No valid reason has been given for such non-payment.

The activities of Tiger Auto Parts, Inc. in paying Mr. Whitson straight time rather than time and a half for hours worked over 40, despite repeated requests for such time and a half pay, appear more than sufficient to satisfy the willfulness requirement under both the federal and state wage and hour laws. Therefore the liquidated damages under the federal act and the 2% per month under the Illinois act should be available to Mr. Whitson.

Beyond the entitlement to attorney fees from your company provided by the federal and state overtime laws, you should also note that the Attorney Fees in Wage Actions Act, 705 ILCS 225/1 (a copy of which is enclosed for your convenience at Attachment "B") also provides for the entitlement of attorney fees.

In accordance with the Attorney Fees in Wage Actions Act we hereby demand that Tiger Auto Parts, Inc. pay Mr. Whitson the sum of $4,534.30 within seven (7) days of the date of this letter. Payment should be forwarded to my office payable to Mr. Donald Whitson. If payment is not made as demanded herein then, in accordance with the aforesaid Acts, Tiger Auto Parts, Inc. and you individually shall be liable also for Mr. Whitson's reasonable attorney fees.

Provided herewith at Attachment "C" is my Attorney Lien. Please do not attempt to negotiate a resolution of this matter directly with Mr. Whitson. He has employed me to resolve this matter. Any attempt to go around me will be viewed by my client and I as a refusal to amicably resolve this matter and will result in a lawsuit for the claims referenced herein being filed immediately.

It is the practice of my office to attempt resolution before a lawsuit is filed on this matter. If I do not receive the aforesaid payment from you by noon on May 7, 2008, I have been instructed to file a lawsuit on Mr. Whitson's behalf.

Do not hesitate to contact me if you have any questions, or if you wish to discuss this matter.

Sincerely,

David Porter

cc: Donald Whitson

## Donald Whitson and Tiger Auto Parts, Inc.

- The below is based on $15.20/hr.
- $608.00 being the wages for a 40 hr. work-week
- Estimated sums are in italics
- No sums yet calculated for the period commencing in May, 2007 when employer was paying employee in cash

| Week-Ending | Gross Amt Paid | Overtime Straight-time Paid | ½ time Overtime Owed | Liquidated Damages Owed | Total Owed |
|---|---|---|---|---|---|
| 9/10/07 | $ 687.73 | $ 79.73 | $ 39.86 | $ 39.86 | |
| 9/17 | 766.36 | 158.36 | 79.18 | 79.18 | |
| 9/24 | 781.04 | 173.04 | 86.52 | 86.52 | |
| 10/1 | 805.50 | 197.50 | 98.75 | 98.75 | |
| 10/8 | 643.13 | 35.13 | 17.56 | 17.56 | |
| 10/15 | 825.06 | 217.06 | 108.53 | 108.53 | |
| 10/22 | 825.06 | 217.06 | 108.53 | 108.53 | |
| 10/29 | 825.06 | 217.06 | 108.53 | 108.53 | |
| *11/5* | *727.23* | *119.23* | *59.61* | *59.61* | |
| *11/12* | *727.23* | *119.23* | *59.61* | *59.61* | |
| *11/19* | *727.23* | *119.23* | *59.61* | *59.61* | |
| *11/26* | *727.23* | *119.23* | *59.61* | *59.61* | |
| *12/3* | *727.23* | *119.23* | *59.61* | *59.61* | |
| 12/10 | 624.51 | 16.51 | 8.25 | 8.25 | |
| 12/17 | 781.04 | 173.04 | 86.52 | 86.52 | |
| 12/24 | 805.50 | 197.50 | 98.75 | 98.75 | |
| 12/31 | 810.38 | 202.38 | 101.19 | 101.19 | |
| 1/7/08 | 825.06 | 217.06 | 108.19 | 108.19 | |
| 1/14 | 825.06 | 217.06 | 108.53 | 108.53 | |
| *1/21* | *727.23* | *119.23* | *59.61* | *59.61* | |

1

Attachment "A"

| | | | | | |
|---|---|---|---|---|---|
| 1/28 | 795.71 | 187.71 | 93.85 | 93.85 | |
| 2/4 | 771.25 | 163.25 | 81.62 | 81.62 | |
| 2/11 | 800.60 | 192.60 | 96.30 | 96.30 | |
| 2/18 | 761.47 | 153.47 | 76.73 | 76.73 | |
| 2/25 | 634.29 | 26.29 | 13.14 | 13.14 | |
| 3/2 | 825.06 | 217.06 | 108.53 | 108.53 | |
| 3/10 | 825.06 | 217.06 | 108.53 | 108.53 | |
| 3/17 | 727.23 | 119.23 | 59.61 | 59.61 | |
| 3/24 | 482.66 | -- | -- | -- | |
| 3/31 | 614.73 | 6.73 | 3.36 | 3.36 | |
| 4/7 | 825.06 | 217.06 | 108.53 | 108.53 | |
| 4/14 | 404.39 | -- | -- | -- | |
| | | | | | $4,534.30 based on only the above paychecks, and including ½ time and liquidated damages (and not including attorney fees) |

Formerly cited as IL ST CH 13 ¶ 13

WEST'S SMITH-HURD ILLINOIS COMPILED STATUTES ANNOTATED
CHAPTER 705. COURTS
ATTORNEYS
ACT 225. ATTORNEYS FEES IN WAGE ACTIONS ACT

Copr. © West Group 2002. All rights reserved.

Current through P.A. 92-300, apv. 8/9/2001

225/1. Actions for wages; attorney fees

§ 1. Whenever a mechanic, artisan, miner, laborer, servant or employee brings an action for wages earned and due and owing according to the terms of the employment, and establishes by the decision of the court or jury that the amount for which he or she has brought the action is justly due and owing, and that a demand was made in writing at least 3 days before the action was brought, for a sum not exceeding the amount so found due and owing, then the court shall allow to the plaintiff a reasonable attorney fee of not less than $10, in addition to the amount found due and owing for wages, to be taxed as costs of the action.

Attachment "B"

<u>NOTICE OF ATTORNEY'S LIEN</u>

To:   Tiger Auto Parts, Inc.
      709 N. Ashland Avenue
      Chicago, Illinois 60622

      Attn:   Hector Hernandez
              President

    PLEASE TAKE NOTICE that Donald Whitson has placed in my hands for collection a certain suit, claim, demand, or cause of action against Tiger Auto Parts, Inc. for injuries and damages received by Mr. Whitson in connection with his employment relating to issues of wages and overtime pay due.

    You are hereby notified that Mr. Whitson entered into a contract with my firm to pay my firm as compensation for services rendered and to be rendered in and about the prosecution of the said suit, claim, demand, or cause of action, Thirty-Three and One Third (33 1/3%) Percent of any amount recovered by way of settlement or otherwise, prior to the actual trial of said cause in Court.

    You are further notified that by virtue of the Attorneys' Lien Law of 1909, as amended, my firm claims a lien to the extent of my firm's interest, as set forth in said claim, demand, cause of action, or suit at law, which said lien, by virtue of said law, attaches to any verdict or judgment entered or to be entered in such suit or to any money or property which may be recovered by Mr. Whitson on account of such claim, suit, demand, or cause of action from and after the service of this notice.

_____
David Porter, Esq.
Attorney for Donald Whitson


<u>CERTIFICATE OF SERVICE</u>

    The undersigned, an attorney, hereby certifies that on April 21, 2008 he served a copy of this Notice of Attorney's Lien on the above addressee, by certified mail – R.R.R., postage prepaid.

_____
David Porter

Attachment "C"

**LAW OFFICE OF DAVID PORTER**

11 S. LaSalle Street, Suite 1000, Chicago, Illinois 60603   (312) 236-1207   Fax: (312) 368-4449

# FAX COVER SHEET

TO:     Hector Hernandez

FAX:    (312) 243-2933

DATE:   April 29, 2008

RE:     Donald Whitson and Tiger Auto Parts, Inc.
        Overtime Wages Due Donald Whitson

**COMMENTS:**

Do not hesitate to contact me if you have any questions.

\* NOTE \*  THIS TRANSMITTAL HAS __7__ PAGE (S) INCLUDING THIS ONE.  IF ALL THE PAGES HAVE NOT BEEN RECEIVED, PLEASE CALL AS SOON AS POSSIBLE.

The information transmitted in this facsimile message and attachments, if any, is intended only for the use of the individual or entity to which it is addressed, and may contain information thatis privileged, confidential and exempt from disclosure under applicable law. If the reader of this facsimile message is not the intended recipient, then you are hereby notified that any distribution or copying of this communication is prohibited. If you have received this transmission in error, please immediately notify us by telephone. Thank you.

```
TRANSMISSION VERIFICATION REPORT

                                       TIME   : 04/29/2008 16:46
                                       NAME   : CHAPEKIS
                                       FAX    : 3123684449
                                       TEL    : 3123681222
                                       SER. # : BROM6J585388


DATE,TIME              04/29  16:44
FAX NO./NAME           2432933
DURATION               00:01:42
PAGE(S)                07
                       COVERPAGE
RESULT                 OK
MODE                   STANDARD
                       ECM
```

## LAW OFFICE OF DAVID PORTER

11 S. LaSalle Street, Suite 1000, Chicago, Illinois 60603   (312) 236-1207   Fax: (312) 368-4449

## FAX COVER SHEET

TO:      Hector Hernandez

FAX:     (312) 243-2933

DATE:    April 29, 2008

RE:      Donald Whitson and Tiger Auto Parts, Inc.
         <u>Overtime Wages Due Donald Whitson</u>

**COMMENTS:**

Do not hesitate to contact me if you have any questions.

* NOTE *   THIS TRANSMITTAL HAS __7__ PAGE(S) INCLUDING THIS